# EXHIBIT 1

## FINRA DISPUTE RESOLUTION

| | |
|---|---|
| JUDITH GOLDMAN and<br>KENNETH B. GOLDMAN<br>　　　　　　Claimants,<br><br>v.<br><br>MORGAN STANLEY SMITH BARNEY,<br>CITIGROUP GLOBAL MARKETS INC.,<br>MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.,<br>BARRY J. GUARIGLIA, WILLIAM R. MEAGHER, and<br>CARMELA NOCERINO<br>　　　　　　Respondents | FINRA ARBITRATION NO.:<br><br>10- 04386 |

### CLAIMANTS' MOTION TO BAR GREENBERG TRAURIG FROM FURTHER REPRESENTING CGMI AND GUARIGLIA IN THESE PROCEEDINGS, AND MOTION TO FILE AN AMENDED STATEMENT OF CLAIMS

Judith and Kenneth Goldman move this Honorable Panel for a hearing and Order barring Greenberg Traurig attorneys from representing Morgan Stanley Smith Barney, Citigroup Global Markets Inc., (collectively "CGMI") and Barry J. Guariglia ("Guariglia"). In addition, Claimants seek leave to file an Amended Statement of Claims.

1.　In September 2011, CGMI, Merrill Lynch, and Guariglia represented to this Panel, to FINRA, and to Claimants that they would each mediate in good faith a resolution of all claims among the parties. *See,* FINRA Mediation Rule 14109 (f) - (g) ("(f) The parties agree to attempt, in good faith, to negotiate a settlement of the matter submitted to mediation." ... (g) Mediation is intended to be private and confidential.") *See* FINRA Code of Mediation.

2.　The Arbitration proceedings were adjourned pending the October mediation.

3.　The Mediation was conducted under the auspices of the able FINRA Mediator Frederick Pieroni.

4.　Because of the dedicated and even-handed guidance of Mediator Pieroni, and the good faith efforts of Merrill Lynch, and its attorney Robert Goldberg, Claimants resolved all claims involving Merrill Lynch and Guariglia under Merrill Lynch.

5. Thus, Merrill Lynch is no longer involved in these proceedings.[1]

6. Accordingly, the only claims remaining are Claimants' claims against CGMI and Guariglia excluding Merrill Lynch.

7. The October Mediation was expected to be "confidential" with all parties acting in good faith. *See* "Benefits of Mediation" ("Mediation offers greater confidentiality than arbitration.") www.finra.org/ArbitrationMediation/Parties/Overview/MediationAnAlternatePath.

8. Because Merrill Lynch and Claimants acted in good faith trusting the very capable Mediator, indeed a fair resolution was reached.

9. Contrary to the honorable conduct of the mediating parties, CGMI and its attorneys, upon information and belief, Attorney George Sullivan, violated the letter and spirit of FINRA Mediation, and the legal profession, by declaring at the outset of the mediation that it abjectly refuses to mediate.

10. Most disturbing, counsel for CGMI refused to leave the mediation rooms even though it had no intention whatsoever to mediate.

11. Thus, CGMI and its lawyer spied on every confidential discussion between the Mediator and Merrill Lynch.

12. This reprehensible conduct gives CGMI and its lawyers all of the advantages of good faith, highly confidential discussions and negotiations between the Mediator, Claimants and Merrill Lynch without mediating:

> Mediation is intended to be private and confidential. … The parties and the mediator agree not to disclose, transmit, introduce, or otherwise use opinions, suggestions, proposals, offers, or admissions obtained or disclosed during the mediation by any party or the mediator as evidence in any action at law, or other proceeding, including a lawsuit or arbitration, unless authorized in writing by all other parties to the mediation or compelled by law, except that the fact that a mediation has occurred shall not be considered confidential.

---

[1] Claimants have dismissed Meagher, and Nocerino by agreement at the outset of the Arbitration and shall not oppose expungement efforts.

2

FINRA Code of Mediation Rule 14109 (g)(1).

13. CGMI, and its attorneys' misrepresentation to this Panel, to FINRA and to Claimants that they intended to mediate in good faith was false and falsely made to gain a member firm an unfair and unethical advantage in an arbitration that was supposed to be resolved through mediation.

14. Claimants must be protected from such unfair and devious conduct.

15. Accordingly, CGMI must be barred from using or conveying any information gained in the confidential mediation involving Merrill Lynch, and CGMI's present law firm barred from participation in these continuing proceedings.

16. Wherefore, Claimants request an Order barring Greenberg Traurig from representing CGMI and Guariglia in this case, and a Protective Order barring new counsel access to or receipt of any information arising out of the FINRA Mediation process.

17. Finally, because all claims between Claimants and Merrill Lynch and Guariglia have been settled for the time Guariglia was employed by Merrill, Claimants seek leave to file an Amended Statement of Claims.

Date: December 15, 2011

Respectfully submitted,

Richard J. Gerace
Gerace Law Office
Two Penn Center Plaza Suite 200
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
(215) 854-6345 Voice
(484) 472-8749 Fax
Attorney for Kenneth and Judith Goldman

3