IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUDITH GOLDMAN and KENNETH B. GOLDMAN,<br><br>Plaintiffs,<br><br>v.<br><br>CITIGROUP GLOBAL MARKETS INC., et al.,<br><br>Defendants. | CIVIL ACTION NO. 12-CV-04469 |

REPLY BRIEF IN SUPPORT OF MOTION OF
DEFENDANTS CITIGROUP GLOBAL MARKETS INC. AND BARRY
GUARIGLIA TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendants Citigroup Global Markets Inc. and Barry Guariglia (the "Citigroup Defendants") hereby file this Reply Brief in support of their Motion to Dismiss for Lack of Subject Matter Jurisdiction.

INTRODUCTION

As the Citigroup Defendants' Motion to Dismiss demonstrated, this action must be dismissed because this Court lacks jurisdiction to review and reverse the interlocutory, pre-hearing orders issued in the arbitration proceeding still pending before the Financial Industry Regulatory Authority ("FINRA"). Because the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, (the "FAA") permits judicial review only of final arbitration awards (and not of interlocutory awards issued by arbitrators) federal courts have consistently held that district courts have no power to review interlocutory arbitral rulings like the ones Plaintiffs Judith and Kenneth Goldman ("the Goldmans") seek to challenge in this action. *See e.g. Michaels v. Mariform*

*Shipping, S.A.* 624 F.2d 411, 414 (2d Cir. 1980) (district court erred in reaching the merits of a challenge to the arbitrators' interlocutory, interim order because "a district court does not have the power to review an interlocutory ruling by an arbitration panel"); *Nolu Plastics, Inc. v. Valu Engineering, Inc.*, No. 04-4325, 2004 WL 2314512, at *6 (E.D. Pa. Oct. 12, 2004) (Schiller, J.) ("a district court does not have the power to review an interlocutory ruling by an arbitration panel"); *Hart Surgical, Inc. v. Ultracision, Inc.*, 244 F.3d 231, 233 (1st Cir. 2001) (recognizing that "[i]t is essential for the district court's jurisdiction that the arbitrator's decision was final, and not interlocutory") (quotation omitted).

Because the FAA's plain text and the settled case law so clearly mandate dismissal of this action, the Goldmans do not even discuss these authorities or attempt to reconcile them with the position that this Court may grant them the relief they seek. Rather, the Goldmans hope to survive the motions to dismiss by citing to case authorities that have nothing whatsoever to do with this dispute.[1] In particular, the Goldmans offer the following non-sequitors:

(1)    this district court may exercise "pendent appellate jurisdiction" over this action (Resp. at 16-20);

(2)    the alleged claims pleaded in the complaint are not arbitrable because the Goldmans did not agree to arbitrate them (Resp. at 11-13);

(3)    the arbitration panel's rulings "destroyed" the Goldmans' "arbitration and mediation contract rights," thus entitling them to "declare the arbitration contract terminated" (Resp. at 13-16); and

---

[1]    Regrettably, the Goldmans also resort to name calling, Resp. at 5 (referring to "CGMI's arrogant attorney, New York lawyer George Sullivan"); outlandish and offensive rhetoric, Resp. at 23 (likening the arbitration process to the "abuse [of] innocents behind the closed doors"); and reckless personal attacks on the arbitrators and mediator throughout their brief, apparently in the hope that they can persuade this Court to ignore the utter lack of support for their argument.

(4)     this Court may exercise jurisdiction because the Goldmans seek relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 (Resp. at 10).

## ARGUMENT

The Goldmans' primary argument -- that this Court may properly exercise "pendent appellate jurisdiction" of this action (Resp. at 16-20) -- is utterly groundless. In support of this argument, the Goldmans cite to *National R.R. Passenger Corp. v. ExpressTrak, L.L.C.*, 330 F.3d 523 (D.C. Cir. 2003) ("*Amtrak*"). In *Amtrak*, the Court of Appeals for the District of Columbia Circuit considered whether it had jurisdiction to review the district court's order compelling arbitration, an order that is usually not appealable under 9 U.S.C. § 16(b). In addition to the non-appealable order compelling arbitration, the appellant Amtrak also appealed from two other district court orders that were appealable as of right. Amtrak argued that the order compelling arbitration was also appealable under the doctrine of pendent appellate jurisdiction.

The court began its analysis by stating that "[a] court exercises pendent jurisdiction when, while reviewing an order over which is has appellate jurisdiction, it entertains an appeal from another order that, although part of the same case or controversy, would not otherwise be within its jurisdiction." *Id.* at 527. The court then noted that pendent appellate jurisdiction is not invoked frequently or liberally, and it applies only where (1) demanded by substantial considerations of fairness and efficiency, such as when the non-appealable order is "inextricably intertwined" with the appealable order, or (2) review of the non-appealable order is necessary to ensure meaningful review of the appealable order. *Id.* Finding these conditions met, the D.C. Circuit held that it could properly exercise pendent appellate jurisdiction. *Id.* at 528.

Pendent appellate jurisdiction has no applicability here.  First, this matter is not before a federal circuit court of appeals that has been asked to consider which of a district court's orders it may properly review.  Rather, this matter arises from the Goldmans' request that the district court review an arbitration panel's interlocutory, pre-hearing orders.  Accordingly, this matter is not within the rules governing which orders a court of appeals may properly consider; instead, this matter is within the ambit of 9 U.S.C. § 10, which permits district court review only of final arbitration awards -- and not of interlocutory, pre-hearing arbitral orders.  Second, none of the arbitral orders the Goldmans seek to challenge is properly reviewable by this Court.  Accordingly, there is no order or award properly before this Court that is "pendent" to the interlocutory rulings at issue in the Complaint.  This Court should therefore reject the Goldmans' "pendent appellate jurisdiction" argument.

The Goldmans next argue that the arbitrators' rulings "destroyed" their alleged contractual rights under FINRA's mediation and arbitration rules, and that they should therefore be permitted to declare their agreement to arbitrate terminated.  (Resp. at 13-14.)  The Goldmans cite to no precedent supporting their position that a federal court can interfere with an ongoing arbitration and declare the agreement to arbitrate inoperative where one party disagrees with the arbitration panel's pre-hearing rulings.  The Goldmans cite *Hage v. Unumprovident Corp.*, 2008 WL 5423954 (D. N.J. Dec. 29, 2008), but that case has nothing to do with the district court's jurisdiction to review arbitration orders.  Instead, the court in *Hage* resolved a motion *in limine* by concluding that no conflict of law exists between the laws of New York and New Jersey governing anticipatory breach doctrine, and finding that the plaintiff "cannot establish an anticipatory breach of the [insurance] Policy." *Id.* at *13.  Because *Hage* has nothing to do with

whether this Court has the authority under the FAA to review pre-hearing, interlocutory arbitral rulings, it does not preclude dismissal of this action.

The Goldmans also cite to *Granite Rock Co. v. International Brotherhood of Teamsters*, 130 S.Ct. 2847 (2010), and argue that they did not they did not agree to arbitrate the dispute described in the Complaint.  (Resp. at 11-13.)  This argument is likewise entirely off the mark. The Citigroup Defendants do not contend that the Goldmans' challenges to the arbitrators' pre-hearing orders are subject to arbitration.  Instead, this action must be dismissed because this Court lacks jurisdiction to review the interlocutory arbitral orders.  *Granite Rock* has nothing to do with the limits of a district court's power to review orders issued by arbitrators.  Accordingly, it does not even call into question the authorities cited in the Citigroup Defendants' opening brief, which mandate dismissal of this action.

Finally, the Goldmans argue that "this Court has jurisdiction under 28 U.S.C. § 2201(a)," the Declaratory Judgment Act. (Resp. at 10).  This argument is also wrong.  It is well settled that the Declaratory Judgment Act merely "provides a unique procedural remedy" but "does not extend the jurisdiction of the federal courts." *Federal Kemper Ins. Co. v. Kauscher*, 807 F.2d 345, 351 (3d Cir. 1987).  Thus, because the express terms of the Declaratory Judgment Act permit the district court to act only in cases "within its jurisdiction, 28 U.S.C. § 2201(a), it does not of itself confer federal subject matter jurisdiction." Instead, "[e]very case brought under the [Declaratory Judgment] Act still must fall within federal jurisdiction." *Id. J & D Home Improvement, Inc. v. Basement Doctor, Inc.*, 90 Fed. Appx. 616, 619 (3d Cir. 2004) (party "cannot predicate subject matter jurisdiction on the relief sought under the Declaratory Judgment Act").

The FAA permits judicial review only of arbitral awards.  Under Section 10, a court may vacate an arbitral "award" under certain circumstances.  9 U.S.C. § 10.  Under Section 11, a court may modify or correct an "award" under certain other circumstances.  But no provision of the FAA permits a court to interrupt an ongoing arbitration proceeding to review an arbitrator's interlocutory pre-hearing rulings.  For this reason, federal courts have consistently concluded that they lack jurisdiction to review challenges to interlocutory arbitral orders.  *Orion Pictures Corp. v. Writers Guild of Amer., West, Inc.*, 946 F.2d 722, 724 (9th Cir. 1991) (vacating district court's order because the district court lacked jurisdiction over a party's challenge to arbitrator's interlocutory ruling); *Teamsters Local Union 486 v. Quality Carriers, Inc.*, No. 02-10059, 2003 WL 164254 (E.D. Mich. Jan. 23, 2003) (holding that "the district court cannot review the ruling of an arbitrator unless it is a final resolution of the matter ... Otherwise interlocutory appeals could easily undermine the streamlined process which makes arbitration so attractive as an alternative method of resolving disputes").

This action flies directly in the face of these authorities, which compel dismissal of this action.

- 7 -

## CONCLUSION

For all of the foregoing reasons and those set forth in their opening Memorandum of Law, defendants Citigroup Global Markets Inc. and Barry Guariglia respectfully request that this Court grant their motion and issue an order dismissing this action for lack of subject matter jurisdiction.

Respectfully submitted,

/s/ Brian T. Feeney
Brian T. Feeney (Pa. I.D. No. 78584)
Greenberg Traurig, LLP
2700 Two Commerce Square
2001 Market Street
Philadelphia, Pennsylvania  19103
(215) 988-7812 (Phone)
(215) 717-5265 (Facsimile)
feeneyb@gtlaw.com

Attorneys for Defendants Citigroup Global
Markets Inc. and Barry Guariglia

Dated:  November 20, 2012

## CERTIFICATION OF SERVICE

I, the undersigned, hereby certify that on this date I caused a copy of the foregoing Reply Brief in support of the Motion of Defendants Citigroup Global Markets Inc. and Barry Guariglia to Dismiss for Lack of Subject Matter Jurisdiction to be served via e-mail and this Court's electronic filing system upon the following:

Richard J. Gerace, Esquire
Gerace Law Office
Two Penn Center Plaza Suite 200
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102

Chanda A. Miller, Esquire
Drinker Biddle & Reath
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996

/s/ Brian T. Feeney
Brian T. Feeney

DATED:   November 20, 2012